# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

  v.

                                **Case No. 06-C-1037**
                                **(Case No. 05-Cr-21)**

**OTIS T. WHITE,**

        **Movant.**

## DECISION AND ORDER

        Pro se movant Otis T. White ("White") filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence. White contends that terms one and two of his supervised release terms are duplicated from a prior conviction and sentence and have been completed. White also states that it has been established, through the Probation Department, that he does not have a drug or gambling problem. Thus, White requests the terms one and two of his supervised release be eliminated.

        White was charged in four counts of a 16-count indictment alleging violations of sections 1341 and 2 of Title 18 of the United States Code. On March 31, 2005, White entered into a plea agreement whereby he plead guilty to Count Ten of the indictment.

        On April 5, 2005, the Court conducted a change of plea hearing. On August 5, 2005, the Court imposed a sentence of 18-months incarceration followed by three years of

supervised release. The judgment of conviction was entered that day. White did not file any appeal. He filed the present motion on October 5, 2006.

White's motion addresses the additional supervised release terms one and two imposed by the Court. (J. 4.) Additional term one states:

> The defendant is to participate in a program of testing and residential or outpatient treatment for drug and alcohol abuse, as approved by the supervising probation officer. The defendant is to refrain from use of all alcoholic beverages throughout the period of this supervision. The defendant shall pay for the cost of this program under the guidance and supervision of the supervising probation officer.

(*Id*.) Additional term two is "the defendant shall not participate in any form of gambling including the purchase of lottery tickets, or patronize any gambling facilities and shall attend Gambler's anonymous meetings as approved by the supervising probation officer." (*Id*.)

The Court conducted an initial review of White's motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings in the United States District Court and directed the Plaintiff to file an answer. The Plaintiff has filed its answer and White has filed a reply thereto. The Court will address White's motion.

*Waiver*

While not raised by the government, the Court notes that Paragraph 32 of the written plea agreement states:

> Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives his right to appeal his sentence in this case and further waives his right to challenge his conviction or sentence in any post-conviction proceeding,

2

> including but not limited to a motion pursuant to 28 U.S.C. § 2255. This waiver does not extend to an appeal or post-conviction motion based on (1) punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, and (3) ineffective assistance of counsel.

The plea agreement provides that White waived his right to appeal or, with specified exceptions, to challenge his conviction or sentence in any post-conviction proceedings. The grounds raised by White do not fall within the limited exceptions for post-conviction proceedings allowed by the plea agreement.

A plea agreement that waives the right to file a petition under § 2255 is enforceable only if it is knowing and voluntary and if the defendant cannot establish a claim of ineffective assistance of counsel in connection with negotiating the agreement. *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000); *Jones v. United States*, 167 F.3d 1142 (7th Cir. 1999). The language of the plea agreement provision waiving the right to appeal the sentence or to file any post-conviction motions is clear. But, the record before the Court does not include the transcript of change of plea proceedings which should be reviewed to assure that White knowingly and voluntarily entered into the plea agreement. *See Mason*, 211 F.3d at 1069. Thus, the Court will not rest its decision on the waiver provision of the plea agreement.

*Issues Raised*

Regardless of the validity of the waiver, section 2255 of Title 28 of the United States Code authorizes a federal prisoner to ask the Court which sentenced him to vacate, set

3

aside, or correct his sentence, if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law." Relief under § 2255 is reserved for extraordinary situations. *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993). To succeed on a §2255 motion, a convicted defendant must show that the district court sentenced him in violation of the Constitution or laws of the United States or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack. *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).

The general rule is that an issue not raised on direct appeal is barred from collateral review absent a showing of both good cause for the failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims, or if a refusal to consider the issues would lead to a fundamental miscarriage of justice. *Id*. The government has not asserted that White's claims are procedurally defaulted.

To the extent that White is asserting that terms one and two of his supervised release should be removed from the judgment because they do not relate to the underlying offense, White's claim is cognizable under § 2255. *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002); *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997). The remainder of White's claim does not raise an issue which is cognizable under § 2255.

Section 3583(a) of Title 18 of the United States Code provides that a term of supervised release is part of a sentence. In imposing conditions of supervised release, this

4

Court must ensure that the particular condition: (1) is reasonably related to specified sentencing factors, namely the nature and circumstances of the offense and the history and characteristics of the defendant; (2) is reasonably related to the need to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) involves no greater deprivation of liberty than is reasonably necessary to achieve these goals; and (4) is consistent with any pertinent policy statements issued by the Sentencing Commission. *United States v. Monteiro*, 270 F.3d 465, 468-69 (7th Cir. 2001) (citing *United States v. Schave*, 186 F.3d 839, 841 (7th Cir.1999); 18 U.S.C. §§ 3583(d), 3553(a)(1), (a)(2)(B)(D); U.S. Sentencing Guidelines Manual § 5D1.3(b)). *See also*, *United States v. Sines*, 303 F.3d 793, 800-01 (7th Cir. 2002).

The Pre-Sentence Report in this case indicates that White's prior conviction in *United States v. White*, Case No. 99-Cr-58 (E.D. Wis.), arose from White's drug trafficking from an apartment located above a tavern owned and operated by his grandmother. It also indicates that White admitted that he had a gambling habit which began when he was only nine years old and from which he was netting about $11,000 per month at the time of his 1999 drug trafficking arrest. At the time of this offense, White was on a five-year term of supervised release in Case No. 99-Cr-58, which he began on September 19, 2003, with conditions that he participate in Gambler's Anonymous meetings and avoid gambling facilities, and submit to urinalysis testing for controlled substances.

5

Less than two years of the five years of the conditions of White's supervised release were completed because as a result of the charges in this case, a summons for a hearing on the revocation of White's supervised release was issued and, after a August 5, 2005, hearing, White's supervised release was revoked. (*See United States v. White*, 99-Cr-0058, J. entered Aug. 5, 2005.). Furthermore, White's prior drug trafficking conviction, long-standing gambling habit, and his proximity and ties to his grandmother's tavern indicate that the challenged conditions of White's supervised release are reasonably related to his personal history and characteristics. Therefore, White has not demonstrated that the Court violated the law when it imposed the conditions of his supervised release requiring that he participate in a program of testing and residential or outpatient treatment for drug and alcohol abuse and refrain from use of all alcoholic beverages throughout the period of his supervision and that he not participate in any form of gambling including the purchase of lottery tickets, or patronize any gambling facilities and must attend Gambler's anonymous meetings as approved by the supervising probation officer.

While similar conditions were imposed in conjunction with White's 1999 drug conviction, he completed less than half of that term of supervised release. Accordingly, White's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence is denied.

6

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

White's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence is **DENIED**.

This action is **DISMISSED**.

The Clerk of Court **SHALL** enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 26th day of October, 2007.

**BY THE COURT**

**s/ Rudolph T. Randa**
**Hon. Rudolph T. Randa**
**Chief Judge**